IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. MICHELLE ERNST as Personal )
Representative of the Estate of )
DAVID MICHAEL ERNST, )
deceased, )
 )
       Plaintiff, )
 )
v. ) Case No. 14-CV-504-GKF-PJC
 )
1. CREEK COUNTY PUBLIC )
FACILITIES AUTHORITY, )
2. ADVANCED CORRECTIONAL )
HEALTHCARE, INC., )
 )
       Defendants. )

## AMENDED COMPLAINT

Plaintiff, Michelle Ernst, as Personal Representative of the Estate of David Michael Ernst, by and through her attorney, Micky Walsh and Derek Franseen of Beeler, Walsh & Walsh, PLLC, and for her claims against the Defendants, alleges and states as follows:

1. Creek County Public Facilities Authority is a public subdivision of the State of Oklahoma ("hereafter County").

2. Advanced Correctional Healthcare, Inc. is a foreign corporation incorporated in the State of Illinois.

3. Except as otherwise indicated, all acts and omissions referred to herein occurred within the two years prior to filing of this Complaint.

4. This Complaint arises under the civil rights statutes of the United States and under diversity. Specifically 42 U.S.C. §1983 and 28 U.S.C. §1332 are applicable.

5. Pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1332 this Court has jurisdiction.

6. All material allegations herein occurred within the Northern District of Oklahoma, thereby making venue proper in this Court.

7. The Creek County Public Facilities Authority d/b/a the Creek County Detention Center a/k/a the Creek County Jail is and was during the time period at issue the final policy maker for all material conduct of the Creek County Detention Center and its employees. There is no person or entity who has authority over the Creek County Public Facilities Public Authority. Therefore, all acts, customs, policies, practices, failure to train and failure to supervise its employees alleged herein are attributed to the Creek County Public Facilities Authority.

8. Both within the applicable statute of limitations, and presumptively for many years prior thereto, the County has been in charge of the Detention Center where its unconstitutional policies and procedures or failure to enact or enforce constitutional policies and procedures have allowed inmates to be withheld treatment and/or medication that is necessary for their health and personal well being.

9. All the conduct alleged herein by the Creek County Public Facilities Authority and its employees was performed while acting under the color of law and within the meaning of 42 U.S.C. §1983.

10. Plaintiff further alleges that Advanced Correctional Healthcare, Inc. (hereinafter referred to as "ACH") was contracted to provide some or all of the medical

needs to the Creek County Public Facilities Authority during the applicable time periods. ACH was at all time relevant hereto responsible, in part or in whole, for providing medical services and medication to Mr. Ernst while he was in custody of the Creek County Detention Center. ACH was additionally responsible, in part or in whole, for implementing Creek County Jail policies and procedures regarding medical treatment, and in assisting in developing those policies and training and supervising its employees and/or agents.

11. Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the county's responsibility to provide care for any serious medical needs and/or protection from self-harm, the state of Oklahoma and United States Constitutions and Oklahoma common law require that proper medical attention and/or medications be provided.

12. It is further alleged that the County has failed to enact a policy and/or procedure to evaluate, treat and/or protect inmates from suicidal acts.

13. It is further alleged that the County had a policy, custom, or practice of allowing an environment for its employees to refuse to provide treatment and/or protections from those exhibiting suicidal thoughts or symptoms.

14. It is further alleged that the County, or its administration, committed a deliberate indifference to the Constitutional rights of the decedent set forth herein, and/or the direct and proximate cause of the damages sought by the Plaintiff.

15. It is further alleged that the County, or its administration, contracted and advised ACH to provide medical care and medications to its inmates and detainees. The County, in doing so, allowed the ACH to become a policy maker regarding medical services and/or distributing medications. Additionally, budgetary restrictions and/or selecting an unqualified medical administrator constitutes a deliberate indifference to the constitutional rights of the decedent and/or is the direct and proximate cause of the damages sought by the Plaintiff.

16. ACH, as a non-governmental entity, is not entitled to be considered a state or political subdivision. Therefore, their ineffective or inappropriate actions, which include improper policies and procedures and/or failing to provide prompt and adequate medical and psychiatric treatment and supervision, arises to negligence.

17. Plaintiff further alleges that the decedent, David Ernst, was in custody of the Creek County Detention Center where he took his life.

18. Plaintiff further alleges that the decedent and others made multiple requests for treatment, evaluations and/or medications to be prescribed or that had been previously prescribed to the decedent. That this failure to monitor, treat and/or permit the medications was the direct and proximate cause of the decedent's death.

19. Based on the foregoing allegations, Creek County Public Facilities Authority and/or ACH was deliberately indifferent and/or negligent to the Constitutional rights of the damages sought by the Plaintiff set forth herein, by and through their identified acts and/or

failures to act. Additionally, under the Oklahoma Constitutional law, the Creek County Public Facilities Authority is liable for any negligent acts in violation of the Oklahoma Constitutional rights afforded to the decedent as allowable by law.

## CAUSES OF ACTION
## CREEK COUNTY PUBLIC FACILITIES AUTHORITY

Paragraphs 1 through 19 are re-alleged. Pursuant to 42 U.S.C. §1983, United States Constitution, Oklahoma Constitution and Oklahoma law, the Creek County Public Facilities Authority, by their actions or through their designated agent, ACH, is liable for damages to the Plaintiff, Michelle Ernst as Personal Representative of the Estate of David Ernst, and for damages allowable under Oklahoma's wrongful death statute. Additionally, Plaintiff is entitled to attorneys fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

## CAUSE OF ACTION
## ADVANCED CORRECTIONAL HEALTHCARE, INC.

Paragraphs 1 through 19 are re-alleged. Pursuant to 42 U.S.C. §1983, United States Constitution, Oklahoma Constitution and Oklahoma law, the Advanced Correctional Healthcare, Inc., by and through its agents, is liable for damages to the Plaintiff, Michelle Ernst as Personal Representative of the Estate of David Ernst, and for damages allowable under Oklahoma's wrongful death statute. Additionally, Plaintiff is entitled to attorneys fees, costs of this action, interest as provided by law, and such other relief as is just and proper.

WHEREFORE, Plaintiff prays for judgment against these Defendants as follows: a) for an award of compensatory damages in an amount to be determined by a jury, b) reasonable attorneys fees, c) the costs of this actions, d) interest as provided by law and for all other relief this Court deems just and proper.

Respectfully submitted,

/s/ Derek S. Franseen
Micky A. Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
Beeler, Walsh & Walsh, PLLC
4508 N. Classen Boulevard
Oklahoma City, OK 73118
Telephone: (405) 843-7600
Telephone: (405) 810-9339
Facsimile: (405) 606-7050
Dfranseen@beelerwalshwalsh.com

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED