IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE ERNST as Personal Representative of the Estate of DAVID MICHAEL ERNST, deceased, | ) ) ) Case No. |
| Plaintiff, | ) 14-CV-504-GKF-PJC |
| vs. | ) |
| CREEK COUNTY PUBLIC FACILITIES AUTHORITY, ADVANCED CORRECTIONAL HEALTHCARE, INC., | ) ) ) |
| Defendants. | ) ) |

DEPOSITION OF GARY M. VILKE, M.D.

January 13, 2016

Reported by: Deborah M. DeSilva, CSR No. 7307, CRR

EXHIBIT 39

1  GARY M. VILKE, M.D.,
2  having been administered an oath, testified as follows:
3  -oOo-
4  EXAMINATION
5  BY MR. McMILLIN:
6  Q. Would you state your name for the record,
7  please.
8  A. Gary Michael Vilke.
9  Q. And what is your occupation?
10  A. I'm an emergency physician.
11  Q. Okay. And we have your C.V. that you have
12  provided us. Is this an up-to-date C.V.?
13  A. It's --
14  Q. It was the one that was attached to your
15  report, I think.
16  A. There may be a paper or two added on or a
17  couple little things, but nothing of substance for this
18  case.
19  Q. Okay. And there's a lot of publications listed
20  in the C.V. Do any of those publications relate to any
21  of the issues that we're going to be addressing in this
22  case?
23  A. There's one publication on suicide assessment
24  in the emergency department that may have some value
25  component to it.

Deposition of Gary M. Vilke, M.D.                ERNST vs. CREEK COUNTY PUBLIC FACILITIES AUTHORITY, et al.

1  A. Yes.

2  Q. Do you -- I believe you understand that it is
3  jail employee Adam Marshall who is the detention officer
4  who after Mr. Ernst, or decedent, had received his
5  sentence, he -- Matt Marshall is the officer who
6  expressed a concern to have Mr. Ernst placed on suicide
7  watch to other people at the jail. Do you understand
8  that?

9  A. Adam Marshall, yes.

10 Q. Yes. All right. And you understand he is a
11 jail employee, correct?

12 A. Yes.

13 Q. Do you believe that it is reasonable for a jail
14 employee to rely on the medical staff employed by ACH at
15 the jail when it comes to medical decisions involving
16 inmates?

17 A. Yes.

18 Q. Do you believe that it reflects a deliberate
19 indifference on jail staff to, in fact, rely on medical
20 staff to make medical decisions?

21 A. You're using a legal term, deliberate
22 indifference. You're meaning that if they see something
23 that's medically seriously wrong and then rely on the
24 staff -- I'm sorry.

25 Q. I'll strike that question. What do you

Deposition of Gary M. Vilke, M.D.　　　　ERNST vs. CREEK COUNTY PUBLIC FACILITIES AUTHORITY, et al.

1  understand deliberate indifference means?
2     A.  That you -- basically you recognize something
3  as being such, and you sort of deliberately or
4  intentionally just disregard it.
5     Q.  Okay.  In your review of the documents and
6  information that you have at this time, did you see any
7  acts or inaction by a jail employee that you in your own
8  words or opinion would describe as deliberate
9  indifference?
10    A.  No.
11    Q.  Did you review any of the jail employees'
12  training records?
13    A.  No.
14    Q.  I think Mr. McMillin asked you this question
15  earlier -- I'm not positive -- I understand you've seen
16  some transcripts of phone calls, but have you actually
17  listened to any of the phone calls in which Mr. Ernst,
18  the decedent, was a participant in the phone call?
19    A.  No.
20    Q.  In your report, on page 3, where you enumerate
21  your -- the categories of overview of opinions and you
22  have four separate opinions, in each of them you used
23  the phrase "breach of standard of care."
24         Do you know what I'm referring to in your
25  report where you say that?